# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

BETTE ALLEN, *et al.,*

             Plaintiffs,

vs.

JOHNSON & JOHNSON, *et al.*,

             Defendants.

2:14–cv–02000–JCM–VCF

## ORDER

Before the court is the parties' Confidentiality Stipulation and Protective Order (#12[1]), which the court approves with the following modifications to Paragraph 17. This order reminds counsel that there is a presumption of public access to judicial files and records. Paragraph 17 will include the following language:

> In the event that counsel files or lodges with the Court any Confidential Information, all documents attaching, quoting from, or otherwise revealing the content of Confidential Information shall be filed under seal in accordance with Local Rule 10-5 [and the Ninth Circuit decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)], or as otherwise required by the Court.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure. ¶ In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might

---

[1] Parenthetical citations refer to the court's docket.

have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required.  *Id*. at 1180.  To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that compelling reasons support secrecy.  *Id*.  "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."  *Id*.  When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default."  *Id*.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that:

1.      The parties' Confidentiality Stipulation and Protective Order (#12), as modified and signed by the court, is GRANTED.

2.      The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

DATED this 10th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

MORRIS LAW GROUP
Robert McCoy, No. 9121
Email:  rrm@morrislawgroup.com
Joni A. Jamison, No. 11614
Email:  jaj@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422

Attorneys for Defendants Johnson &
Johnson and Janssen Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BETTE ALLEN, legal guardian of
ROBERT D. MAGALLON, a minor,

              Plaintiff,

    vs.

JOHNSON & JOHNSON, a New
Jersey Corporation; JANSSEN
PHARMACEUTICALS, INC. DOES
1 through 10; and ROE BUSINESS
ENTITIES 1through 10,

              Defendants.

Case No. 2:14-cv-02000-JCM-VCF

**CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER**

        In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to Federal Rule of Civil Procedure 26(c):

        IT IS HEREBY ORDERED that this Confidentiality Stipulation and Protective Order (the "Order") set forth below shall govern such

confidential material, and pursuant to Federal Rule of Civil Procedure 26(c):

       1.    The Order shall apply to and govern any and all documents produced, answers to interrogatories served, responses to requests for admission served, responses to requests for production served, depositions taken, and all other discovery taken in the above-captioned action (the "Action") pursuant to the Federal Rules of Civil Procedure ("Discovery Material"), to the extent such Discovery Material is designated as "Confidential" in accordance with the Order.

       2.    (a) The parties (and any non-party who agrees to be subject to personal jurisdiction in Nevada for purposes of enforcing the Order) may designate as confidential any Discovery Material they believe, in good faith, contains sensitive commercial information, financial or business plans, trade secrets, proprietary business information, nonpublic research and development information, or personal information of a sensitive nature including medical records and financial information ("Confidential Discovery Material") and are properly protected under Federal Rule of Civil Procedure 26(c). Discovery Material properly made public may not be designated Confidential Discovery Material. Publicly issued or disseminated documents may not be designated Confidential Discovery Material.

          (b) Information that any party producing documents ("Producing Party") deems highly sensitive because it constitutes trade secrets may be redacted from documents produced in discovery provided that the Producing Party maintains a full and complete copy of each such document (without such redactions) for review by the Court should the receiving party elect to challenge such redactions.

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101

702/474-9400 • FAX 702/474-9422

2

3.      Any Discovery Material that has been designated Confidential Discovery Material pursuant to the Order (unless the designation is challenged in accordance with Paragraph 15 herein and the Discovery Material is thereafter dedesignated as provided by that paragraph) shall be marked pursuant to Paragraph 10 herein, shall be disclosed only to "Qualified Persons" (as defined in Paragraph 4), and shall be used only in connection with the Action.

4.      "Qualified Persons" shall be limited to the following:

a.      The named parties to the Action, their current employees and agents, and counsel representing the parties in the Action (including members of such counsel's staff, such as paralegals, secretaries, and law clerks, to whom it is reasonably necessary that the material be shown for purposes of the Action).

b.      For purposes of the Action, attorneys for a party may disclose Confidential Discovery Material to retained experts (including persons directly employed by such experts) and to retained consultants and to any person expected to testify at trial or at a deposition to the extent that the Confidential Discovery Material relates to his/her proposed testimony, after ensuring compliance with Paragraph 5 and after such person has executed an Declaration of Consultant/Expert/ Witness in the form of Exhibit 2 attached hereto. Attorneys who obtained Confidential Discovery Material pursuant to the Order shall prepare a written statement identifying the person to whom

3

the Confidential Discovery Material is to be disclosed.  This statement shall include the name, current residence address, and job title of the person to whom the Confidential Discovery Material is to be disclosed, along with the name(s) and address(es) of his/her employer(s) for previous five years.  The written statement shall be maintained by said counsel during the pendency of the Action.

c.    Any court reporter or typist rendering services for recording or transcribing of testimony in the Action, any outside independent reproduction firm, or any technical or technology services firm rendering services for a party in the Action.

d.    Independent copying services, independent computer consulting and support services, independent exhibit makers, independent translators, and other independent litigation support services retained by counsel for purposes of the Action.

e.    The person or persons who authored the document containing Confidential Discovery Material (the "Author") or who received such Confidential Discovery Material in the ordinary course of business (the "Recipient"), provided that, if such Confidential Discovery Material includes Confidential Discovery Material regarding any person other than the Author or Recipient, prior to disclosure of such Confidential Discovery Material

4

to the Author or Recipient, the Author or Recipient has been notified of the existence of the Order on the record of a transcribed examination under oath or has executed an Agreement to Maintain Confidentiality in the form of Exhibit 1 attached hereto.

f.   The person who was a subject of the Confidential Discovery Material (the "Subject"), provided that, if the Subject was not the Author or Recipient of such document, or if such Confidential Discovery Material relates to any specifically identifiable person other than the Subject, prior to disclosure of such Confidential Discovery Material to the Subject, the Subject has been notified of the existence of the Order on the record of a transcribed examination under oath or has executed an Agreement to Maintain Confidentiality in the form of Exhibit 1 attached hereto.

g.   Former employees or agents of a party who need to know or have access to any Confidential Discovery Material for the purposes of the Action, after ensuring compliance with Paragraph 5 and after such person has executed a Declaration of Consultant/Expert/Witness  in the form of Exhibit 2 attached hereto; and

h.   The Court and its personnel.

5.   Before Plaintiff discloses any Confidential Discovery Material to any Qualified Persons described in Paragraphs 4(b) or 4(g)

5

herein, the procedures in this Paragraph shall be followed to assure that no Confidential Discovery Material is disclosed to any person who presently works – as an employee, agent, independent contractor or consultant – for a Competitor of Defendants.  "Competitor" is defined as a pharmaceutical company that researches, develops, manufacturers, markets and/or sells any antipsychotic medication, as well as any company that provides consulting or other services related to antipsychotic medications to such a pharmaceutical company.  Counsel for Defendants impose on the Qualified Persons described in Paragraphs 4(b) or 4(g) to whom the Confidential Discovery Material is to be disclosed the obligation to make the good faith determination as to whether he or she works for a Competitor.  If the person determines himself/herself to work for a Competitor, neither the Confidential Discovery Material nor the contents thereof shall be discussed with or disclosed to such person.  If the person determines himself/herself not to work for a Competitor, that person shall execute the Declaration of Consultant/Expert/Witness, attached hereto as Exhibit 2.  Plaintiff's counsel shall retain any such declarations and make them available to counsel for the other parties to this litigation upon request.  If there is any dispute between parties as to whether a person works for a Competitor, any party may seek a ruling from the Court.  Counsel making disclosures to Qualified Persons identified in Paragraph 4(e) or 4(f) shall ensure that such persons execute an Agreement to Maintain Confidentiality in the form of Exhibit 1 attached hereto shall retain all executed Agreements to Maintain Confidentiality during the pendency of the Action.  A person who is considered a Qualified Person pursuant to Paragraph 4(e) or 4(f), and also Paragraph 4(b) or 4(g) need only sign the Declaration of Consultant/Expert/Witness, attached hereto as Exhibit 2.

6.      Confidential Discovery Material may not be used by any person receiving such Confidential Discovery Material for any business or competitive purposes and shall be used solely for the purposes of the Action, and for no other purpose without the prior written consent of the producing person.  All persons described in and/or encompassed by the Order shall not, under any circumstances, sell, offer for sale, advertise, publicize, publish or use in any manner for competitive purposes the Confidential Discovery Material.  All persons receiving or given access to Confidential Discovery Material in accordance with the terms of the Order consent to the continuing jurisdiction of the Court for the purposes of enforcing the Order and remedying any violations thereof.  Disclosure of Confidential Discovery Material other than in accordance with the terms of the Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

7.      Nothing contained in the Order shall abrogate any legal obligation of any party to disclose any document or information as required by law.  However, before a party shall disclose any Confidential Discovery Material pursuant to a litigation request for production of documents, a subpoena or another legally enforceable demand from any state agency or official, or any agency or department of the United States, the party, when permitted by law, shall give written notice of the subpoena, or other legally enforceable demand (including the delivery of a copy thereof) to the attorneys for the Producing Party ten days prior to the time when production of the information is required.  In the event that the subpoena or other legally enforceable demand purports to require production of such Confidential Discovery Material on less than ten days' notice, the party to whom the subpoena is directed shall give prompt telephonic notice of the receipt of such subpoena or other legally

7

enforceable demand and forthwith deliver the same day a copy thereof to the attorneys for the Producing Party.  If application for a protective order is made promptly before the return date, the party to whom the request is directed shall not produce such Confidential Discovery Materials prior to receiving a court order or the consent of the Producing Party, except as required by law.

8.      Any Producing Party may designate as "Confidential" any Discovery Material that the Producing Party believes, in good faith, contains Confidential Discovery Material.  Any non-party that produces Discovery Material in the Action may designate as "Confidential" any Discovery Material that it believes, in good faith, contains Confidential Discovery Material, as defined by the Order, provided that the non-party agrees to be subject to personal jurisdiction in Nevada solely for purposes of enforcing the Order and agrees to comply with the Order.  Only documents containing Confidential Discovery Material shall be so designated.  As to Discovery Material produced by a non-party, any party may designate as "Confidential," in accordance with the Order, any Discovery Material produced within 30 days after receiving such Discovery Material.  All Discovery Materials produced by non-parties shall be treated as Confidential Discovery Material for 30 days after receipt by all parties, after which time only Discovery Materials designated as Confidential shall be treated as Confidential pursuant to the Order.  Treatment of deposition testimony and transcripts, or portions of transcripts, is addressed under Paragraph 11 herein.  Notwithstanding any other provisions of the Order, a non-party may only designate Discovery Material it produces in the Action as Confidential Discovery Material.

9.      The designation by the Producing Party of any Discovery Material  as Confidential Discovery Material shall constitute a

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

8

representation that such documents have been reviewed by counsel of record or any attorney designated by counsel of record, and counsel of record believes there is a good-faith basis for such designation.

10.     Confidential Discovery Material, if in writing, shall have the following language or similar legend stamped on the face of the writing, or shall otherwise have such language clearly marked:

**CONFIDENTIAL/PRODUCED IN LITIGATION
PURSUANT TO PROTECTIVE ORDER**

Such stamping or marking will take place prior to production by the Producing Party, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously.  The stamp shall be affixed in such manner as not to obliterate or obscure any written matter.

11.     Any party may designate deposition testimony and transcripts, or portions of transcripts, as Confidential Discovery Material by advising opposing counsel in writing within 30 days after the transcript has been received and specifying the testimony being designated confidential by page and line number(s).  Until the expiration of such 30-day period, all testimony given in the deposition shall be treated as if confidential under the Order, after which only the portions specifically designated Confidential Discovery Material pursuant to the first sentence of this paragraph shall be so treated.

12.     Responses to written discovery and information contained therein shall be designated as Confidential Discovery Material by means of a statement at the conclusion of each answer specifying the information that is confidential contained therein or by another method that clearly indicates which portions of the answer or information are considered confidential, and by placing the legend referenced in Paragraph

9

10 on the front of any set of interrogatory answers containing such information.

13.    A Producing Party that inadvertently fails to designate its Discovery Material as Confidential may so designate the Discovery Material by fully complying with the following:  Within ten days after the Producing Party discovers that it inadvertently produced the Discovery Material without designating it as Confidential Discovery Material pursuant to the Order, the Producing Party may designate the Discovery Material as Confidential Discovery Material by sending a written notice explaining why the Producing Party considers the Discovery Material to be Confidential Discovery Material, along with replacement copies of such Confidential Discovery Material marked pursuant to Paragraph 10 herein to all parties to whom such Discovery Material was produced.   Upon receipt of such written notice and replacement copies, and from that time forward, the provisions of the Order shall apply to the newly designated Discovery Material.   Such designation may be challenged in accordance with Paragraph 15 herein, but the inadvertent production without the confidentiality designation shall not constitute a waiver of any claim of confidentiality.  After receipt of a written notice and replacement copies in accordance with this provision, the receiving party shall make reasonable efforts to retrieve copies of the Discovery Material from any non-Qualified Person to whom it was previously disseminated, and shall make reasonable attempts to destroy or return all copies of the original documents that were inadvertently not designated as Confidential Discovery Material.

14.    Inadvertent production of any information that a Producing Party later claims in good faith should not have been produced because of immunity, privilege, or other legal protection, including, but not

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

10

limited to, the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Material"), will not be deemed to have waived any privilege or other legal protection.  A Producing Party may request the return of any Inadvertently Produced Privileged Material.  A request for the return of Inadvertently Produced Privileged Material shall identify the Inadvertently Produced Privileged Material and the basis for withholding them from production.  If a Producing Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material, such Inadvertently Produced Privileged Material and all copies thereof shall be returned to the Producing Party within 20 days unless the party that received the Inadvertently Produced Privileged Material gives notice to the Producing Party within that time that it declines to return such materials because of a legal obligation to keep them and/or disagreement with the Producing Party's claim of immunity, privilege, or other legal protection for the Inadvertently Produced Privileged Material.  In such event, the Producing Party may, within 14 days of receipt of the notice described in the preceding sentence, serve a motion calling for return of the Inadvertently Produced Privileged Material.  The Producing Party shall bear the burden of establishing grounds for the return of the Inadvertently Produced Privileged Material that it seeks and shall provide a copy of the materials at issue to the Court as part of its Motion.  The Inadvertently Produced Privileged Material shall not be used by the receiving party for any purpose until the Court resolves the motion, except in connection with such Motion, provided that the opposition to the Motion may be subject, in whole or in part, to the Producing Party's motion for protection of such information.

       15.     Nothing in the Order shall be construed in any way as a finding that information designated as "Confidential" actually is

MORRIS LAW GROUP   900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101   702/474-9400 • FAX 702/474-9422

Confidential Discovery Material.  At any time during the Action, any party may challenge the designation of such material as "Confidential" by written notice to the party that produced such Confidential Discovery Material. Within 21 days of such a challenge, the party that produced such material shall respond in writing stating the basis under which the Confidential Discovery Material should be treated as "Confidential."  The burden of demonstrating the confidential nature of Confidential Discovery Material shall be on the Producing Party or non-party who made the "Confidential" designation.  If no such statement in writing is given within that timeframe (or within a shorter or longer timeframe agreed to by the parties), the Discovery Material will cease to be subject to the protection of the Order.

After the written basis is provided to the challenging party, the parties shall meet and confer in an attempt to resolve any such disagreements.  For any disagreement that cannot be resolved, the Producing Party must move the Court for a protective order within 21 days after the challenging party gives written notice that the dispute has not been resolved and that it continues to challenge the designation of the material as Confidential, or such other time period as the parties may agree.  Nothing in this paragraph shall prevent any receiving party from seeking to shorten the time to determine a challenge to any designation if necessary for the completion of discovery or otherwise for the conduct of the Action.

16.    The Order shall not prevent any persons bound by it from making use of information or documents without the restrictions of the Order if the information or documents are lawfully in their possession by means other than through production as Confidential Discovery Material through this litigation, except for information or documents that a person

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422

bound by the Order obtains knowing that the information or documents were made available in violation of the Order.

17.    Any Confidential Discovery Material that is filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any such Confidential Discovery Material shall be filed under seal and shall bear the legend:  "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER.  THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."  Said Confidential Discovery Material and/or other papers shall be kept under seal until further order of the Court; however, Confidential Discovery Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the Confidential Discovery Material contained therein under the terms of the Order.

18.    Nothing in the Order shall prevent or restrict any party in any way from inspecting, reviewing, using, or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as "Confidential."  Nothing shall prevent disclosure beyond that required under the Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

19.    Nothing contained in the Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests.  The Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any

MORRIS LAW GROUP · 900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101 · 702/474-9400 · FAX 702/474-9422

Confidential Discovery Material or of any right that any party may have to assert such privilege at any stage of the Action.

20.     A party may refer to Confidential Discovery Material in pretrial conferences before the Court, at evidentiary hearings, and at trial. The use of Confidential Discovery Material at evidentiary hearings and at trial may be addressed in subsequent orders prior to such hearings and in the final pretrial order.  Any party or attorney that reasonably believes that he or she will disclose Confidential Discovery Material in a hearing or any other public proceeding before the Court other than at evidentiary hearings and at trial shall so inform the Court and the Producing Party in advance of actual disclosure insofar as possible.  If the Producing Party objects, the Producing Party shall be entitled to ask the Court to decide what precautions, if any, are appropriate to protect the Confidential Discovery Material, including how exhibits designated as "Confidential" shall be filed to maintain their confidentiality.

21.     Neither the termination of the Action nor the termination of employment of any person shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to the Order.

22.     The Order shall not enlarge, narrow, or in any way affect the proper scope of discovery in the Action or any other action, and the Order shall not imply that Discovery Material designated as "Confidential" under the terms of the Order is properly discoverable, relevant, or admissible in the Action or any other action.

23.     The entry of the Order shall be without prejudice to the rights of the parties, or of any non-party, to seek additional or different protection for Confidential Discovery Material from the Court.  Nothing herein shall prevent any party from: (i) applying to the Court for a

14

modification of the Order; (ii) applying to the Court for further or additional protective orders; or (iii) making an agreement with the other party to modify the Order subject to Court approval.

24.     The terms of the Order shall survive and remain in effect after the termination of the Action.  The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of the Action.  The Court shall retain jurisdiction over the parties to the Order and any other person bound by the terms of the Order (including non-parties designating Discovery Material as Confidential Discovery Material) to enforce the terms thereof.

| LUH & ASSOCIATES | MORRIS LAW GROUP |
|---|---|
| By: /s/ Craig Slater | By: /s/ Joni A. Jamison |
| Craig Slater, No. 8667 | Robert McCoy, No. 9121 |
| 8987 West Flamingo Road | Joni A. Jamison, No. 11614 |
| Suite 100 | 900 Bank of America Plaza |
| Las Vegas, Nevada  89147 | 300 South Fourth Street |
| | Las Vegas, Nevada  89101 |
| Attorneys for Plaintiff | |
| | Attorneys for Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
Magistrate

DATED: _____
July 10, 2015

15

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BETTE ALLEN, legal guardian of ROBERT D. MAGALLON, a minor, | ) Case No. 2:14-cv-02000-JCM-VCF |
| Plaintiff, | ) |
| vs. | ) |
| JOHNSON & JOHNSON, a New Jersey Corporation; JANSSEN PHARMACEUTICALS, INC. DOES 1 through 10; and ROE BUSINESS ENTITIES 1through 10, | ) **AGREEMENT TO MAINTAIN CONFIDENTIALITY** |
| Defendants. | ) |

The undersigned hereby acknowledges that he/she has read the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER entered in the above-captioned action and that he/she fully understands and agrees to abide by the obligations and conditions of the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER.

Dated: _____     _____
                       (Signature)


                       _____
                       (Print Name)

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BETTE ALLEN, legal guardian of ROBERT D. MAGALLON, a minor, | ) Case No. 2:14-cv-02000-JCM-VCF<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| JOHNSON & JOHNSON, a New Jersey Corporation; JANSSEN PHARMACEUTICALS, INC. DOES 1 through 10; and ROE BUSINESS ENTITIES 1through 10, | ) **DECLARATION OF**<br>) **CONSULTANT/**<br>) **EXPERT/WITNESS**<br>)<br>) |
| Defendants. | )<br>)<br>) |

I, _____, being over 18 years of age, and being in all respects competent to execute this Declaration, hereby state as follows:

1.     I have been asked to review confidential/proprietary and other documents regarding a lawsuit currently pending against Johnson & Johnson, Janssen Pharmaceuticals, Inc., and/or other persons, firms, corporations or entities, if any, involving the product known as Risperdal®.

2.     To the best of my knowledge and belief, I do not presently work—as an employee, agent, independent contractor or consultant—for a Competitor of Defendants, as defined in Paragraph 5 of the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER in the above-captioned action.

3.     I acknowledge that I have read the CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER entered in the above-captioned action and that I fully understand and agree to abide by the

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101

702/474-9400 · FAX 702/474-9422

obligations and conditions of the CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER.

       I declare under penalty of perjury that the foregoing is true or
correct.

       Executed on _____.

_____
(Signature)

_____
(Print Name)

MORRIS LAW GROUP

900 BANK OF AMERICA PLAZA • 300 SOUTH FOURTH STREET • LAS VEGAS, NEVADA 89101
702/474-9400 • FAX 702/474-9422